```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY BLADDICK,              )
                               )
     Plaintiff,                )
                               )
v.                             )    No. 09-330-WDS
                               )
THE CITY OF ST. LOUIS,         )
a municipal corporation,       )
BRYAN POUR, and MAC & MICK'S   )
SPORTS BAR & GRILL INC.,       )
a corporation,                 )
                               )
     Defendants.               )
```

## **COMPLAINT**

### INTRODUCTION

1.  This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment, against Officer Bryan Pour, a police officer of the City of St. Louis, in his individual capacity, and against the City of St. Louis.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.  This action also asserts a state law negligence claim against Mac & Mick's Sports Bar & Grill, Inc., in Granite City, Illinois.  The Court can and should exercise supplemental jurisdiction over this claim, pursuant to 28 U.S.C. § 1367, as this claim is so related to the other claims in the action (which are already under the Court's original jurisdiction) that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.   It is alleged that the individual police officer engaged in action which resulted in the unreasonable seizure of plaintiff, thereby violating his rights under the Fourth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants plaintiff freedom from unreasonable seizure.  It is further alleged that this violation was committed as a result of the policies and customs of the City of St. Louis.

3.   Regarding Mac & Mick's, it is alleged this defendant, in spite of its duty to take reasonable steps to ensure the safety of individuals on all areas of its premises (both inside and outside), negligently and carelessly permitted defendant Pour to remain in the Mac & Mick's parking lot despite him having been kicked out of the bar itself because his level of intoxication.

PARTIES

4.   Plaintiff Jeffrey Bladdick was at all times a citizen and resident of the State of Illinois.

5.   Defendant Officer Bryan Pour was at all times relevant to this complaint duly appointed and acting as an officer of the police department of the City of St. Louis, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the states of Illinois and Missouri, and/or the City of St. Louis.

6.   The City of St. Louis, Missouri, was at all times a municipal corporation and the public employer of said officer.

7.    Mac & Mick's Sports Bar & Grill, Inc., a Granite City corporation, located at 5240 Nameoki Road, Granite City, Illinois, 62040.

## FACTS

8.    That on or about November 8, 2008, and continuing into the early morning hours of November 9th, several off-duty St. Louis police officers were patronizing and partying at Mac & Mick's, including defendant Bryan Pour, Scott Wilmont, Phillip S. Meyer, and Christopher Hantak; at all times herein mentioned, the officers were brandishing their badges and taking other affirmative steps to advertise the fact that they were police officers, and at least three of these individuals (Pour, Hantak, and Meyer) were carrying their service weapons.

9.    That at all times herein mentioned, Bryan Pour was acting under the color of law.

10.   That at some undetermined time after midnight an unknown female employee of Mac & Mick's, acting within the scope of her employment, kicked defendant Pour out of the bar because of how intoxicated he was; however, Pour was permitted to remain in the parking lot (and thereby on the Mac & Mick's premises).

11.   That Mac & Mick's, individually and by and through its agents, servants, and employees had a responsibility to take reasonable steps to insure the safety of patrons at all points on the premises, including the parking lot, and not just within the bar structure itself.

12. That soon after Pour was kicked out, at or about 12:30 a.m. on November 9th, Jeffrey Bladdick drove into the Mac & Mick's parking lot, parked, identified three friends standing outside (Kevin Elliott, Ted Wallace and John Hadley), and walked over and joined them.

13. That immediately thereafter, Wallace and Elliott proceeded to their car in the back of the parking lot (planning to leave), which only Elliott had reached and entered when Pour approached the car and ordered Elliott out; Elliott exited, and a scuffle ensued between he, Wallace and Pour, with Pour ending up on the ground.

14. That at this point Bladdick went to help Pour to his feet and saw that Pour had drawn a weapon; Pour pivoted to his feet, pressed the barrel to Bladdick's chest, and fired a single round; the bullet became lodged in Bladdick's torso as he fell to the ground, bleeding profusely.

15. That at no point did any of the events which preceded Bladdick being shot justify the actions taken, including the force employed by Pour.

16. That, moreover, the acts undertaken by Pour, as outlined above, constituted a seizure; by shooting Bladdick, Pour restrained Bladdick's freedom to walk away.

17. That as a direct and proximate result of said actions by defendant Pour, plaintiff Bladdick suffered the following injuries and damages:

      a)    violation of his constitutional rights under the Fourth Amendment, as made applicable to the States by operation of the Fourteenth Amendment, granting him freedom from unreasonable seizure.

18.  That the actions undertaken by Pour violated clearly established and well settled federal constitutional rights of Jeff Bladdick, including freedom from unreasonable seizures.

## COUNT I

(42 U.S.C. § 1983 v. Officer Bryan Pour)

1.-18.  That paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

19.  That as a direct and proximate result of said acts of the defendant Officer Pour, plaintiff Jeff Bladdick suffered permanent pain, mental anguish, disability and disfigurement, incurred and became liable for large sums of money in hospital, medical and related expenses, and was permanently prevented from attending to his usual affairs and duties, losing wages and income, past, present and future.

20.  That plaintiff Jeffrey Bladdick claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant Officer Bryan Pour for violation of his constitutional rights under color of law.

## COUNT II

1.-20.  That paragraphs 1 through 20 of Count I are incorporated herein by reference as though fully set forth.

21.  That prior to November 9, 2008 the City of St. Louis developed and maintained polices and customs exhibiting

deliberate indifference to the constitutional rights of persons such as plaintiff which caused the violation of plaintiff's rights.

22. That, specifically, the City of St. Louis employed a firearm policy for its officers (both on and off duty) which failed to set forth any guidance regarding transport of firearms across state lines, the carrying of firearms in situations which present a risk of intoxication, and/or any other circumstances in which an off-duty officer's judgment may be impaired; instead, they left the carrying of firearms while off-duty solely to the officer's discretion, thereby creating the impression with defendant Pour that his acts were in fact tolerated by the City of St. Louis.

23. That as a result of the above-described policies and customs, these officers of the City of St. Louis, including the defendant officer, thereby believed that their actions would not be properly monitored by supervisory officers and that any misconduct would not be investigated or sanctioned, and would instead be tolerated.

24. The above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of St. Louis to the constitutional rights of persons who may foreseeably come into contact with officers of the City of St. Louis, both on and off-duty, and were the cause of the violation of plaintiff's rights alleged herein.

## COUNT III

(Negligence v. Mac & Mick's Sports Bar & Grill)

1.-24.  That paragraphs 1 through 24 of Count II are incorporated herein by reference as though fully set forth.

25.  That Mac & Mick's had a duty to reasonably ensure the safety of every patron on the premises, including the parking lot, and not just within the four corners of the bar itself.

26.  That Mac & Mick's, individually and by and through its agents, servants, and employees, breached this duty - to wit:

   a)  negligently and carelessly failed to maintain adequate security on its parking lot;

   b)  negligently and carelessly permitted Bryan Pour to remain on its premises after he had been kicked out.

27.  That as a direct and proximate result of the negligence on the part of defendant Mac & Mick's as aforesaid, Jeff Bladdick was shot by Bryan Pour, and suffered permanent pain, mental anguish, disability and disfigurement, incurred and became liable for large sums of money in hospital, medical and related expenses, was permanently prevented from attending to his usual affairs and duties, lost wages and income, past, present and future, all to his damage in a substantial amount.

WHEREFORE, plaintiff requests that this Court:

   a)  awards compensatory damages to plaintiff against the defendants, jointly and severally;

   b)  awards costs of this action to the plaintiff;

    c)    awards reasonable attorney's fees and cost to the plaintiff on Counts I through III of his Complaint;

    d)    awards such other and further relief as this Court may deem appropriate.

<u>/s/Thomas Q. Keefe, III</u>
THOMAS Q. KEEFE, III
IL Reg. No. 6294376
Attorney for the Plaintiff

**THOMAS Q. KEEFE, JR., P.C.**
**ATTORNEY AT LAW**
**#6 EXECUTIVE WOODS COURT**
**BELLEVILLE, ILLINOIS 62226**
**618/236-2221**
**618/236-2194 (Facsimile)**