IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY BLADDICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRYAN POUR, TODD H. EPSTEIN, | ) |
| BETTYE BATTLE-TURNER, | ) Case No. 09-330-WDS |
| VINCENT J. BOMMARITO, JULIUS | ) |
| K. HUNTER, FRANCIS G. SLAY, | ) |
| DAVID R. HEATH, THE CITY OF | ) |
| ST. LOUIS, a municipal corporation, | ) |
| AND MAC & MICK'S | ) |
| SPORTS BAR & GRILL INC., | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT BRYAN POUR'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant Bryan Pour, by and through the undersigned counsel, and for his Response to Plaintiff's Motion for Protective Order, states to the Court as follows:

1.  On or about October 1, 2009, Defendant Pour, issued deposition subpoenas for Plaintiff, Kevin Elliott, Ted Wallace, John Hadley, Officer Chris Modrusic, Sean Barnes and Detective Rich Schardan.

2.  These depositions are scheduled to be held on October 28, 2009 at the law offices of Defendant Pour's attorney.

3.  Each of the prospective deponents has been served with a deposition subpoena.

4.  The depositions were scheduled in conformity with both the Federal Rules

of Civil Procedure and the Local Rules of the Federal District Court for the Southern District of Illinois.

5. Plaintiff's counsel met with counsel for Defendant at the office of Defendant's counsel on October 8, 2009 to review discovery documentation and discuss various aspects of the pending litigation.

6. Plaintiff's counsel became aware of the setting of the depositions several days in advance of the October 8, 2009 meeting with Defendant's counsel.

7. At no time during the October 8, 2009 meeting did Plaintiff's counsel state that he was unwilling to participate in the scheduled depositions.

8. Defendant received no communication from Plaintiff's attorney until Plaintiff's attorney issued Defendant's counsel a letter dated October 19, 2009 in which he expressed his unwillingness to proceed with the depositions.

9. Defendant's counsel received the above-referenced letter on October 20, 2009.

10. Plaintiff's counsel issued a subsequent electronic communiqué to Defendant's counsel on October 23, 2009 in which he reiterated the position outlined in the correspondence dated October 19, 2009.

11. On October 23, 2009, Defendant's counsel issued correspondence to Plaintiff's counsel indicating Defendant intended to proceed with the depositions as scheduled.

12. On October 23, 2009, Plaintiff's counsel filed a Motion for a Protective Order requesting that all deposition subpoenas be quashed.

13. In the time between the October 8, 2009 meeting with Plaintiff's counsel

and the October 19, 2009 correspondence, Defendant expended considerable time and resources serving the prospective deponents, hiring a court reporter and hiring a videographer.

14.     It is likely the prospective deponents have made scheduling arrangements in order to appear for the scheduled depositions as well.

15.     Within Plaintiff's counsel's ex parte communication with the Court which accompanied Plaintiff's Motion for Protective Order, Plaintiff's counsel indicated that counsel for Defendant Board of Police Commissioners consented to an earlier draft of his Motion.

16.     On October 19, 2009, counsel for Defendant Pour spoke with counsel for the Defendant Board of Police Commissioners via telephone. Counsel for the Defendant Board indicated at that time that "[she is] fine with the date" of the depositions and acknowledged that Defendant's counsel has the right to schedule the depositions as scheduled.

17.     In Plaintiff's Motion for Protective Order and the corresponding ex parte cover correspondence to the Court, Plaintiff alleges that the depositions are being sought for an improper purpose, namely for the sole purpose of furthering Defendant Pour's pending criminal case.

18.     These depositions are not being sought for an improper purpose.

19.     These depositions have not been scheduled for the sole purpose of furthering Defendant Pour's pending criminal case.

20.     There is a great deal of overlap in both the allegations and elements present in both the civil and criminal cases pending against Defendant Pour.

21. The extent to which the depositions are beneficial to Defendant Pour's criminal case is irrelevant herein by virtue of the fact that they are also beneficial and necessary to Defendant Pour in the present civil case.

22. Defendant Pour's counsel seeks the depositions currently scheduled in the natural course of zealously representing Mr. Pour in the present matter now pending in the Southern District of Illinois.

23. Defendant Pour and his counsel have prepared and are ready to depose the individuals scheduled for deposition on October 28, 2009.

24. Granting Plaintiff's Motion to Quash would, effectively, require Defendant Pour to incur added costs, expenses and encumber Defendant Pour in connection with his counsel's efforts to prepare for trial herein in a fashion wholly inconsistent with applicable rules and law.

25. Defendant Pour believes such an Order would run afoul of the spirit of Rule 26(d), which places some value on not permitting one party's discovery to delay another party's discovery.

26. Permitting Defendant Pour to take these depositions will not operate to delay any other party's discovery.

27. Plaintiff, in paragraph 5 of his Motion for Protective Order, appears to allege that these depositions would cause the unnecessary expenditure of Court resources.

28. Defendant Pour finds this allegation somewhat disingenuous as discovery is largely unsupervised in the Southern District of Illinois. In fact, had Plaintiff not filed the instant Motion, the Court would never have had to utilize a single resource with respect to these depositions.

29. By way of further responding, Defendant Pour notes that he has only scheduled the depositions of seven individuals from a prospective witness pool of many dozens of people with knowledge of the events giving rise to this action, many, if not all, of whom will eventually need to be deposed.

WHEREFORE, Defendant Pour prays the Court deny Plaintiff's Motion for Protective Order and grant Defendant Pour such other and further relief this Court deems just and equitable, including attorney's fees incurred in responding to Plaintiff's Motion.

Respectfully submitted,

KODNER WATKINS MUCHNICK & WEIGLEY, LC

/s/ Albert S. Watkins
By: Albert S. Watkins, #6193779
The Bank of America Building
7800 Forsyth Blvd., Suite 700
Clayton, MO 63105
(314) 727-9111 (telephone)
(314) 727-9110 (facsimile)
Albertswatkins@kwmwlaw.com

### CERTIFICATE OF SERVICE

Signature above is also certification that on October 25, 2009 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties.